**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

November 22, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:   *Courthouse News Service v. Rupp, et al.*
      Civil No. 22-00548-BAH

Dear Counsel:

On October 28, 2024, the parties filed a joint motion to vacate Judge Hollander's 81-page memorandum opinion at ECF 66, which denied Plaintiff's motion for a preliminary injunction and Defendants' motion to dismiss. ECF 120. As the motion did not provide sufficient basis for doing so, I then directed the parties submit additional briefing in support of the motion to vacate. ECF 121. The parties jointly did so. ECF 123. I find that no hearing is necessary. Loc. R. 105.6 (D. Md. 2023). Considering the motion, ECF 120, the supplemental briefing, ECF 123, and for the reasons set forth more fully below, the joint motion to vacate, ECF 120, is DENIED.

The parties' positions on the motion to vacate differ, though the motion was made jointly as a condition of settlement. *See* ECF 123, at 1, 7. Plaintiff argues that Judge Hollander's "preliminary injunction order contained several fundamental errors, culminating in the challenged policy not being subjected to the requisite constitutional scrutiny." *Id.* at 2. Now, with settlement, Plaintiff asserts it will not have an opportunity to correct those issues through summary judgment or trial. *Id.* Plaintiff admits that it is not aware of any "decisions from the Fourth Circuit Court of Appeals or district courts of the Fourth Circuit that address a district court's vacatur of its own interlocutory orders in connection with the parties' settlement of a case." *Id.* at 3.

Under Fed. R. Civ. P. 54(b), a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." In *Valero Terrestrial Corp. v. Paige*, the Fourth Circuit held that when faced with whether to vacate its own prior *final* order under Fed. R. Civ. P. 60(b)(6) for mootness, a district court should consider relative fault and public interest, and may otherwise grant vacatur in "exceptional circumstances." *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 121 (4th Cir. 2000) (quoting *U.S. Bancorp Mtge. Co. v. Bonner Mall Partnership*, 513 U.S. 18, 29 (1994)). The Court is not aware of, and the parties have not directed the Court to, any binding caselaw confronting whether or when a district court should vacate its own non-final orders when parties have settled.

Plaintiff acknowledges that the Supreme Court has held that "'the mere fact that the settlement agreement provides for vacatur' is insufficient to establish such exceptional circumstances" in the context of final orders. ECF 123, at 3 (quoting *Bancorp*, 513 U.S. at 29). Nevertheless, Plaintiff asserts that where the order at issue is non-final, these factors are not controlling. ECF 123, at 3. Plaintiff points the Court to several cases in which a district court has

*Courthouse News Service v. Rupp, et al.*
Civil No.: 22-00548-BAH
November 22, 2024
Page 2

vacated its own prior decision upon settlement of the parties and argues that the balance of equities in this case similarly warrants vacatur. ECF 123, at 3–5 (citing *Cisco Sys., Inc. v. Telcordia Techs., Inc.*, 590 F. Supp. 2d 828 (E.D. Tex. 2008); *Lycos, Inc. v. Blockbuster, Inc.*, No. C.A. 07-11469-MLW, 2010 WL 5437226 (D. Mass. Dec. 23, 2010); *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV 09-1531-PHX-JAT, 2012 WL 1768084 (D. Ariz. May 17, 2012); *Lineweight LLC v. Firstspear, LLC*, No. 4:18-CV-00387-JAR, 2021 WL 2402008 (E.D. Mo. June 11, 2021))). Plaintiff argues that "[v]acating the preliminary injunction decision would not erase it from the record or deprive the public of whatever persuasive value it might offer,"[1] and would save the litigants and the Court resources, making vacatur in the public interest. ECF 123, at 5.

None of the cases cited by Plaintiff, however, are controlling, and all of them are patent infringement cases, a detail which was relevant to the respective courts' application of the equitable factors as patent cases are particularly complex and generally require an inordinate amount of judicial resources at the district court and appellate levels. *See Cisco*, 590 F. Supp. 2d at 830–32; *Lycos*, 2010 WL 5437226, at *4 ("At this stage of a patent case involving complex technology, settlement will conserve substantial judicial resources."); *TriQuint*, 2012 WL 1768084, at *2; *Lineweight*, 2021 WL 2402008, at *2 ("This Court's claim construction order would be subject to modification if the litigation continued, and there has been no final determination on the merits in this case. The Court also notes the high rate of reversal in complex patent cases such as these."); *see also Allen-Bradley Co., LLC v. Kollmorgen Corp.*, 199 F.R.D. 316, 318 (E.D. Wis. 2001) ("Settlement that spares the court a *Markman* hearing will often save much more in terms of judicial resources than will settlement that obviates the need for a trial or entry of judgment in a non-patent case.").

Defendants, while they do not argue against vacatur, point the Court to more apposite caselaw. In *Amaefule v. Exxonmobil Oil Corp.*, the parties settled and jointly moved for vacatur of the court's preliminary injunction and summary judgment rulings. 630 F. Supp. 2d 42, 42 (D.D.C. 2009). The District Court for the District of Columbia denied the motion, finding that the parties had not "demonstrated any exceptional circumstances justifying deviating from longstanding policy in [the D.C. Circuit] against vacatur following settlement" or argued that "the previous rulings in this action were erroneous." *Id.* at 43. Here, while Plaintiff asserts that the preliminary injunction opinion contained errors that could have been corrected at a later stage of the litigation, presumably after more discovery had been completed and a more fulsome record was before the Court, Plaintiff does not argue that the decision itself contained factual or legal errors warranting vacatur. Nor is the Court persuaded that the resulting conservation of judicial resources upon consummation of the settlement warrants vacatur of the non-final ruling.[2] "While

---

[1] This factor seems to contradict Plaintiff's stated reason for seeking vacatur: to "emphasize the limited nature of [the memorandum opinion's] status as persuasive authority." ECF 123, at 2.

[2] Indeed, the settlement itself is not conditioned on the Court granting the joint motion for vacatur. *See* ECF 123, at 5 ("[T]he parties' agreement requires Courthouse News to file a stipulation of dismissal with prejudice within three business days of the Court's ruling on the joint motion to vacate (whether or not vacatur is granted).")

*Courthouse News Service v. Rupp, et al.*
Civil No.: 22-00548-BAH
November 22, 2024
Page 3

vacatur of a final order may be a greater affront to judicial integrity, the court declines to find that the threat to judicial integrity is completely ameliorated simply because the order at issue in this case was nonfinal." *Slone v. State Auto Prop. & Cas. Ins. Co.*, No. 2:19-CV-00408, 2021 WL 5629042, at *3 (S.D. W. Va. Nov. 30, 2021).

Plaintiff is reminded that Judge Hollander's decision was issued based on the limited record before Judge Hollander at the preliminary injunction stage of the litigation, which necessarily affects its precedential value in other cases. Regardless, "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *Bancorp*, 513 U.S. at 26–27 (quoting *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.,* 510 U.S. 27, 40 (1993) (Stevens, J., dissenting)). As Judge Hargrove put it:

> Wholly aside from the monstrous obstacles which settlements like the one [the parties] reached pose for the efficient management of trial courts' dockets, private parties' attempts to undo decisions and to force courts to decide matters on different grounds threaten to undermine the independence and unique role of the judiciary. It is profoundly the duty of courts to declare the state of the law; perhaps this Court erred in its interpretation or application of the law . . . , but that is a determination properly left for the Fourth Circuit, not private agreement. Nor can parties, in the course of litigation, bind the Court by stipulation to their particular view of the law.

*Washington Metro. Area Transit Auth. v. One Parcel of Land in Prince George's Cnty.*, Civ. No. HAR-88-618, 1993 WL 524783, at *5 (D. Md. Nov. 22, 1993). Because the parties have failed to demonstrate that vacating Judge Hollander's memorandum opinion is warranted here, the joint motion to vacate, ECF 120, is DENIED. The Court awaits the filing of the stipulation of dismissal referenced by the parties.

Despite the informal nature of this letter, it is an Order of the Court and shall be docketed as such.

Sincerely,

/s/

Brendan A. Hurson
United States District Judge